ROSALIE TIGGERMAN, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 18486.)

Court of Claims, May 1, 1928.

**State — claims against — claimant was injured when board in platform of bleachers at State fair ground gave way — evidence shows State was negligent — injury consisted of broken leg which left permanent condition — award of $2,680 is made — sufficiency of enabling act (Laws of 1927, chap. 730) not considered.**

Claimant, who went through the platform of the bleachers maintained at the State fair grounds when a board gave way during one of the night exhibitions and was thrown to the ground breaking one of her legs at or near the knee joint, is entitled to a judgment against the State for $2,500 for personal injuries, plus $180 for expenses incurred, where the evidence shows that the State was negligent in not inspecting and keeping in a safe condition the platform, and was negligent in not having a railing in front of the platform to prevent people from falling off when there was a large crowd present.

Since the enabling act (Laws of 1927, chap. 730) respecting this claim was passed before the claim had been filed, and since the Legislature, in enacting the enabling act, is presumed to know the facts constituting the obligation, the sufficiency of the act will not be considered.

CLAIM against the State based on negligence in maintaining " bleachers " at State fair grounds.

*R. J. Shanahan,* for the claimant.

*Albert Ottinger, Attorney-General [W. Earl Ward, Deputy Attorney-General,* of counsel], for the defendant.

Parsons, J. This claim was brought under the provisions of chapter 730 of the Laws of 1927.

For a great many years the State of New York has owned a tract of land in the town of Geddes, Onondaga county, N. Y., known as the State Fair Grounds, and has annually in the early fall of each year conducted a fair thereon, and it was so conducted in September, 1925. Admission fees were charged during the day, and at this time the fair and the grounds were under the control of the State Fair Commission which was appointed by the Governor, and said State Fair Commission was the agent of the State (*Arnold* v. *State,* 163 App. Div. 253), and the public was invited to attend and did attend in large numbers. There were exhibits of stock, agricultural implements, horse races, etc., for the amusement of the public, and in the evening said Commission conducted certain exhibitions for the amusement of the public for which no admission fee was charged. These night exhibitions were conducted for the purpose of stimulating the interest of the public to attend said fair during the daytime.

In the evening of September 18, 1925, while the fair of that year was being conducted, there was a large, extensive and beautiful display of fireworks for the amusement of the public and the public was invited to attend. On said fair grounds there was a grand stand covered and protected from the weather and the elements, but there was also at one end of the grand stand what was known as the " bleachers " which were uncovered and open to the weather and the action of the elements. These " bleachers " were constructed of wood consisting of five or six rows of seats and at the bottom thereof there was a platform consisting of five or six boards laid lengthwise and nailed to stringers underneath and was about three and one-half feet from the surface of the ground immediately in front thereof. These " bleachers " had been constructed for a considerable length of time and the platform boards had become somewhat rotted especially where they were fastened to the stringers underneath, and there was no sufficient rail along the outside of said platform to protect the people using said " bleachers " from falling off of said platform.

During the morning of September 18, 1925, this fair being then in progress, one Marvin stepped off the lower seat of the " bleachers " and the platform gave way under him and caused a large hole by reason thereof and of the rotted condition of the boards constituting said platform. This let him through the platform up to or above his knee.

At the time of said breaking of the platform by Marvin there was a State trooper employed by the State and in uniform present and

his attention was called to the hole and the decayed or rotted condition of the boards constituting the platform, but nothing was done by the Commission either to repair the platform or to prevent people from using the same.

On the 18th day of September, 1925, this claimant, a rather large and heavy woman about fifty-three years of age, attended the fair in the afternoon and paid her admission and went back in the evening to view the fireworks. She started to ascend these "bleachers" and in walking along said platform in order to procure a seat, she saw the large hole made by Marvin and walked around it, but she had gone only a short distance when apparently another board in the platform gave way and she went through the platform and was thrown to the ground breaking one of her legs at or near the knee joint. She was taken to the hospital and the fracture was reduced but she has been somewhat lame in this leg ever since and was somewhat lame at the time of the trial of this action in October, 1927.

The doctors and the X-ray experts testified that there was a bunch about the size of a horse chestnut on the bone of her leg at or near the fracture which might get larger and develop into a bone tumor or which might not bother her any more than it did at that time.

We believe that the State was negligent in not inspecting and keeping in a safe condition the platform of said "bleachers" and was negligent in not having a railing along the front of said platform to prevent people from falling off when there was a large crowd present which there was on this evening.

This woman was put to expenses because of her injury to the amount of $180, and we believe she is entitled to damages for the personal injury to the extent of $2,500, making in all the sum of $2,680.

There may be some doubt as to the sufficiency of the enabling act under which this action was brought, but before this enabling act was passed, a claim had been filed by the claimant setting forth the facts thereof, and under the decision of the Court of Appeals in *Williamsburgh Savings Bank* v. *State* (243 N. Y. 231, 242) the Legislature in enacting an Enabling Act creating a moral liability is presumed to know the facts, at least the record facts, constituting such an obligation. The claimant, therefore, is entitled to a judgment against the State for $2,680.

BARRETT, J., concurs.